**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN T. MCMAHAN, | Case No. 18-14064 |
| Debtor | Honorable Janet S. Baer |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor, | |
| Plaintiff, | Adv. No. 20-00165 |
| v. | |
| Trinity Green, LLC; Trinity Green, LLC-1240 N. Damen, | |
| Defendants. | |

**NOTICE OF MOTION**

*Please take notice* that on August 23, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any judge sitting in that judge's plan, either in Courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604 or electronically as described below, and present the **PLAINTIFF'S RENEWED MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH SCHEDULING ORDERS AND TO SHORTEN NOTICE,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

1

6880218/2/18492.020

**Meeting ID and password**. The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: August 21, 2023

Respectfully submitted,

**HORWOOD MARCUS & BERK CHARTERED**

*/s/ Aaron L. Hammer*
Aaron L. Hammer, Esq. (6243069)
ahammer@hmblaw.com
Nathan E. Delman, Esq. (6296205)
ndelman@hmblaw.com
Dante Wen, Esq. (6333529)
dwen@hmblaw.com
500 W. Madison, Ste. 3700
Chicago, IL 60661
Telephone: (312) 606-3200

2

6880218/2/18492.020

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>JOHN T. MCMAHAN,<br><br>    Debtor | Chapter 7<br><br>Case No. 18-14064<br><br>Honorable Janet S. Baer |
| THOMAS E. SPRINGER, solely in his capacity as the chapter 7 trustee of the Debtor,<br><br>    Plaintiff,<br><br>v.<br><br>Trinity Green, LLC; Trinity Green, LLC-1240 N. Damen,<br><br>    Defendants. | Adv. No. 20-00165 |

### PLAINTIFF'S RENEWED MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH SCHEDULING ORDERS AND TO SHORTEN NOTICE

Thomas E. Springer (the "Plaintiff" or "Trustee"), not individually but solely in his capacity as chapter 7 trustee for the John T. McMahan (the "Debtor") bankruptcy estate (the "Estate"), by and through counsel, Horwood Marcus & Berk Chartered ("HMB"), hereby submits his *Renewed Motion For Sanctions For Failure to Comply With Scheduling Orders and to Shorten Notice* (this "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rule(s)"), made applicable in this proceeding via Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), and Bankruptcy Rule 9006: (i) sanctioning defendants Trinity Green, LLC and Trinity Green, LLC-1240 N. Damen (together, the

2

Case 20-00165   Doc 115   Filed 08/21/23   Entered 08/21/23 20:40:36   Desc Main
Document      Page 4 of 10

"Defendants") for their failure to comply with the *Scheduling Order* (the "Scheduling Order") [Dkt. No. 106] and the *Order Regarding Plaintiff's Motion for Sanctions and Defendant's Motion to Extend* (the "Modified Scheduling Order") [Dkt. No. 112] by barring the Defendants from admitting any expert report or expert testimony; (ii) shortening the notice requirements of this Motion; and (iii) granting any additional and further relief as this Court deems just and equitable. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 (b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, Federal Rule 37, and Bankruptcy Rule 9006(c).

## BACKGROUND

3. On May 14, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing Debtor's above-styled case (the "Bankruptcy Case"). [Bankr. Dkt. No. 1].[1]

4. On May 17, 2018, the Office of the United States Trustee appointed the Trustee to oversee and administer property of the Estate. [Bankr. Dkt. No. 9].

5. On April 30, 2020, the Trustee commenced the present adversary proceeding (the "Adversary Proceeding") against the Defendants by the filing of his complaint (the "Complaint"). [Dkt. No. 1].

---

[1] Citations to the underlying Bankruptcy Case 18-14064 will be cited as "Bankr. Dkt. No. [_]."

3

6880218/2/18492.020

6. The Defendants answered (the "Answer") the Complaint on July 1, 2020. [Dkt. Nos. 7 & 8].

7. On October 1, 2021, the Trustee filed the *Motion for Summary Judgment* (the "Motion for Summary Judgment"). [Dkt. No. 53].

8. On February 7, 2022, at the third and final hearing on the Motion for Summary Judgment, this Court entered the *Order Granting Motion for Summary Judgment* (the "Judgment Order") [Dkt. No. 69].

9. On October 7, 2022, the Defendants filed their pending *Motion or* [sic] *Leave to Appear, to Vacate All Substantive Rulings in the Adversarial Case, for Dismissal on Limitations Grounds and for the Entry of Other Relief* (the "Motion to Vacate"), seeking to vacate the Judgment Order under Federal Rule 60. *See* [Dkt. No. 72].

10. On October 12, 2022, this Court entered a scheduling order setting November 2, 2022, as Plaintiff's response deadline, and November 16, 2022, as the Defendant's reply deadline. [Dkt. No. 87].

11. On November 2, 2022, the Trustee filed his *Response to the Defendants' Motion for Leave to Appear, to Vacate All Substantive Rulings in the Adversarial Case, for Dismissal on Limitations Grounds and for the Entry of Other Relief* (the "Response to Motion to Vacate"). [Dkt. No. 87-1].

12. On November 9, 2022, this Court entered an additional scheduling order, giving the Defendants an extension to February 1, 2023 to file its reply. [Dkt. No. 97].

13. On January 25, 2023, this Court again granted Defendants an extension, this time to March 1, 2023, to file its reply. [Dkt. No. 102].

4

14. On April 12, 2023, the Bankruptcy Court entered the Scheduling Order on the Motion to Vacate, which is now set to be fully briefed by October 6, 2023. [Dkt. No. 106].

15. This Court stated at the April 12, 2023, hearing that the Scheduling Order deadlines were "firm," and this Court should not entertain any further extensions on these matters.

16. Pursuant to the Scheduling Order, the Defendants' designation of expert witnesses was due by May 10, 2023. [Dkt. No. 106, at ¶ 1]. The Defendants' failed to designate an expert witness by that date, prompting the Plaintiff to file his *Motion to Compel Defendants to Comply with the Scheduling Order* (the "Motion to Compel") [Dkt. No. 107].

17. This Court granted the Motion to Compel, but allowed Defendants until June 9, 2023 to designate an expert witness. *See* Dkt. No. 108. Nevertheless, Defendants again failed to designate an expert witness before this extended deadline.

18. Additionally, the Defendants failed to submit an expert report on or before July 10, 2023.

19. On July 12, 2023, Plaintiff filed its *Motion For Sanctions For Failure to Comply With the Scheduling Order* (the "Sanctions Motion") [Dkt. No. 109] seeking sanctions against the Defendants for their continued failure to comply with the Scheduling Order. The Sanctions Motion sought to bar the Defendants from designating any expert witness, admitting any expert report or expert testimony.

20. On July 18, 2023, Defendants filed their *Motion to Extend Schedule and Response in Opposition to the Trustee's Motion for Sanctions* (the "Motion to Extend") [Dkt. No. 110], designating a "Dr. Nicholas Rizzo" as their medical expert and seeking an extension of the remaining schedules in the Scheduling Order.

5

21.     On July 21, 2023, this Court entered the Modified Scheduling Order, modifying the schedule in the Scheduling Order. Pursuant to the Modified Scheduling Order, the Defendants' expert report was now due by August 18, 2023.

22.     Yet again, the Defendants failed to submit an expert report by August 18, 2023.

23.     The Defendants have now, after receiving an initial five-month extension on their reply deadline, have effectively wasted an additional *four* months of the Plaintiff's, and this Court's, time under the baseless pretense that an expert report was forthcoming.

## **DISCUSSION**

24.     Defendants have again failed to comply with scheduling orders as no expert report was delivered by August 18, 2023. Accordingly, the Plaintiff hereby seeks an order barring the Defendants from admitting any expert report or expert witness testimony in support of the Motion to Vacate.

25.     Federal Rule of Civil Procedure 37(b)(2)(A) states, in relevant part:

> If a party… fails to obey an order to provide or permit discovery… the court where the action is pending may issue further just orders. They may include the following:
> …
> (ii) prohibiting the disobedient party… from introducing designated matters in evidence.

Fed. R. Civ. Pro. 37.

26.     Additionally, Section 105(a) of the Bankruptcy Code states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

27. Section 105 gives bankruptcy courts "broad powers ... to implement the provisions of Title 11 and to prevent an abuse of the bankruptcy process." *In re Dental Profile, Inc.*, 446 B.R. 885, 906 (Bankr. N.D. Ill. 2011).

28. No question exists that bankruptcy courts ordinarily have authority to enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009); *In re Class A Properties Five, LLC*, 600 B.R. 27, 30 (Bankr. N.D. Ill. 2019).

29. Accordingly, section 105 grants this Court the authority to issue an order barring the Defendants from introducing any expert report or expert testimony in support of its Motion to Vacate.

30. This Court has already provided Defendants more than ample time to reply in support of the Motion to Vacate and should unequivocally consider no further extensions. The Defendants' original reply deadline was November 16, 2022, over *nine months ago*.

31. Enough is enough. The Defendants' conduct has made it evident that their *modus operandi* is to willfully ignore the orders of this Court. The procedural history of these adversary cases, and the Bankruptcy Case, clearly evidences that the Defendants will continue to string Plaintiff, and this Court, along in their never-ending delay tactic of seeking extensions under various guises, and this Court must impose repercussions for their continuous transgressions.

32. The Trustee believes that precluding the Defendants from presenting expert evidence to support their Motion to Vacate is a prudent, just, and measured sanction for their failure to submit an expert report on or before the continued deadline.

33. Furthermore, the Trustee requests shortening the notice period from seven (7) days to two (2) days for notice of this Motion pursuant to Bankruptcy Rule 9006. Bankruptcy Rule 9006(c) states, in relevant part:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

34. Accordingly, a court may, in the exercise of its discretion, shorten the notice period pursuant to Bankruptcy Rule 9006(c). *In re Bartle*, 560 F.3d 724, 729 (7th Cir. 2009).

35. Here, cause exists to shorten the notice period because of the tight deadlines in the Modified Scheduling Order. The Defendants will not be prejudiced by the filing of this Motion because their failure to submit an expert report is the cause of this Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that this Court enter an order, in substantially the same form as the proposed order attached hereto: (i) barring Defendants from introducing any expert report or expert testimony in support of their Motion to Vacate; (ii) shortening the notice requirements of this Motion; and (iii) granting any additional and further relief as this Court deems just and equitable.

Dated: August 21, 2023

Respectfully submitted,

**HORWOOD MARCUS & BERK CHARTERED**

*/s/ Aaron L. Hammer*
Aaron L. Hammer, Esq. (6243069)
ahammer@hmblaw.com
Nathan E. Delman, Esq. 6296205)
ndelman@hmblaw.com
Dan Wen, Esq. (6333529)
dwen@hmblaw.com
500 W. Madison, Suite 3700
Chicago, IL 60661
Telephone: (312) 606-3200

6880218/2/18492.020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2023, I caused a true and correct copy of the foregoing **PLAINTIFF'S RENEWED MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH SCHEDULING ORDERS AND TO SHORTEN NOTICE,** to be filed with the Court's CM/ECF system and to be served in accordance therewith to all parties receiving electronic noticing.

A copy of this filing was also served electronically to:

John T. McMahan: goldcoastpro@gmail.com
Lynn L. McMahan: lynn.stege@icloud.com
Robert Shelist: robert@shelistlaw.com; rjsattorny@aol.com

A copy of this filing was also served via first-class regular mail to:

**Robert Shelist**
1061 W. Monroe St
Chicago, IL 60607

By: */s/ Aaron L. Hammer*

9