**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| JOHN T. MCMAHAN, | Case No. 18-14064 |
| Debtor | |
| | Honorable Janet S. Baer |
| THOMAS E. SPRINGER, solely in his capacity as the Chapter 7 trustee of the Debtor, | |
| Plaintiff, | |
| v. | Adv. No. 20-00165 |
| TRINITY GREEN, LLC; TRINITY GREEN, LLC – 1240 N. DAMEN, | |
| Defendants. | |

### MOTION TO QUASH SUBPOENA AND DISCOVERY REQUESTS

NOW COME the Defendants, Trinity Green LLC and Trinity Green, LLC – 1240 N. Damen, by and through their attorney, Robert J. Shelist of the Law Offices of Robert J. Shelist, P.C. and hereby move this Honorable Court to quash the subpoena and discovery requests issued to non-party, Lynn McMahan. In furtherance of this motion, Defendants state as follows:

1. On September 13, 2023, the Trustee issued a subpoena to non-party Lynn McMahan in this case including interrogatories and a production request.

2. The purported discovery requests, attached to the subpoena, were propounded pursuant to Fed. R. Civ. P. 26 and 34.

3. However, those Rules plainly state that they apply only to "parties" to the litigation. For example, Fed. R. Civ. P. 34(a) states that "[a]ny party may serve on any other party a request."

4. Unequivocally, Lynn McMahan is not a part to the adversary cases. As such, Rules 26 and 34 do not apply to her and the discovery requests issued by the Trustee are therefore improper. On that basis alone, the subpoenas should be quashed.

5. Further, the filing continues wrongful conduct by the Trustee in this litigation.

6. The summary judgment orders, entered by the Court on February 7, 2020 and presumably drafted by the Trustee's counsel, entered relief impacting non-parties' interests in three parcels of real estate that effectively extinguished their property interests without due process or personal jurisdiction over them, when they were not before the Court.

7. These orders improperly entered the following relief against non-parties' interests: (1) preserving all interests in the properties for the benefit of and returning the same to the bankruptcy estate; (2) authorizing the Trustee to take all steps to recover the interests for the bankruptcy estate; (3) authorizing the Trustee to sell the properties for the benefit of the bankruptcy estate; (4) awarding the full value of the real properties to the Trustee; and (5) awarding attorney's fees, costs and post-judgment interest to the Trustee, for, in effect, stealing the non-parties' property interests.

8. Under Fed. R. Civ. P. 60(b)(4), the summary judgment and final orders are void for that reason. The Court is and always has been powerless to enter any relief in this case against non-parties or their ownership interests in real property, which is exactly what was done.

9. Defendants in the adversary cases have filed emergency motions in all three cases seeking to vacate the summary judgment and final orders on jurisdictional grounds and filed reply briefs on the pending motions to vacate, which also address this jurisdictional challenge. Those filings and the law cited therein are incorporated herein in this motion by this reference.

10. Movants have standing to contest the subpoenas because they infringe on their

legitimate interests in these cases.

11. Here, the Trustee and his counsel continue to flout the Federal Rules of Civil Procedure by filing documents impacting non-party Lynn McMahan's property interests. There incontrovertibly is no basis to propound Rule 26 and 34 discovery requests to her.

12. In addition, this Court is powerless to order compliance with the discovery requests due to the lack of personal jurisdiction. See, *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) ("A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation[.]" (citation omitted)); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2nd Cir. 2014) ("A district court... must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45"); *In re Uranium Antitrust Litig.*, 480 F. Supp. 1138, 1145 (N.D. Ill. 1979) ("Once personal jurisdiction over the person and control over the documents by the person are present, a United States court has power to order production of the documents."); see also 16 MOORE's FEDERAL PRACTICE § 108.125 (3d ed. 2003) ("A nonparty witness cannot be compelled to testify at a trial, hearing, or deposition unless the witness is subject to the personal jurisdiction of the court.")

13. For all of the reasons set forth, the subpoenas and discovery requests issued to Lynn McMahan should be quashed.

14. In addition, due to the violations of the Federal Rules of Civil Procedure, attorney's fees should be awarded to Defendants against the Trustee because of the improper subpoena and discovery requests necessitating the filing of motions to quash in the three adversary cases.

WHEREFORE, for the reasons contained in this motion, the Defendants, Trinity Green LLC and Trinity Green LLC – 1240 N. Damen, hereby request that the Court quash the subpoena and discovery requests issued to Lynn McMahan. Defendants seek such other and further relief that the Court deems to be just and appropriate.

Dated: September 22, 2023

                                    Respectfully submitted,

                                    TRINITY GREEN, LLC, TRINITY GREEN,
                                    LLC– 1240 N. DAMEN

                                    /s/ Robert J. Shelist

                                    By:_____
                                         Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675

## CERTIFICATE OF SERVICE

      I, Robert J. Shelist, certify that on September 22, 2023 I caused to be filed the foregoing document with the Clerk of the Court via the CM/ECF system. I further certify that I caused to be served a true and accurate copy of the foregoing document upon counsel of record in this case, by electronic mail.

      Respectfully submitted,

      /s/ Robert J. Shelist

      By:_____
           Robert J. Shelist

Robert J. Shelist
Law Offices of Robert J. Shelist, P.C.
205 N. Michigan Avenue
Suite 810
Chicago, Illinois 60601
(312) 226-0675